IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James C. Whaley, #1001117,<br>a/k/a James C. Whaley, #357132,<br>      Petitioner,<br><br>vs.<br><br>Nick Gallam,<br>      Respondent. | C.A. No. 4:23-2473-HMH-TER<br><br>**OPINION & ORDER** |

  This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III made in accordance with 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02.[1] Petitioner James C. Whaley, ("Whaley"), a state pretrial detainee awaiting adjudication of his civil commitment proceedings, filed this pro se action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241, alleging that he was denied due process in relation to two disciplinary proceedings and the loss of his canteen privileges. In his Report and Recommendation filed on July 13, 2023, Magistrate Judge Rogers recommends dismissing the Petition without prejudice and without requiring Respondent to file a return. (R&R, generally, ECF No. 9.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Whaley filed timely objections to the Report and Recommendation.[2] (Objs., generally, ECF No. 11.) Objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to a magistrate judge's report and recommendation, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Whaley's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean the following specific objections. Whaley objects that the standard set forth in Sandin v. Conner, 515 U.S. 472, 485 (1995), does not apply to pretrial detainees and that the magistrate judge erred in stating that he had been subjected to 30 to 60 days of disciplinary confinement, which "does not involve the kind of significant or atypical hardship necessary to invoke due process rights." (Objs. 2, ECF No. 11); (R&R 3, ECF No. 9.) Whaley submits that he actually spent around 90 days in disciplinary confinement. (Objs. 2, ECF No. 11.)

The magistrate judge found that Whaley did not have a protected liberty interest sufficient to trigger the protections of procedural due process, citing Sandin v. Conner, 515 U.S. 472, 485 (1995). (R&R 3, ECF No. 9) ("Thirty to sixty days in disciplinary confinement does not involve the kind of significant or atypical hardship necessary to invoke due process

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

2

rights."). In Sandin, the Supreme Court concluded that a convicted prisoner's "discipline in segregated confinement [for 30 days] did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 486.

The standard set forth in Sandin, however, does not apply to determine whether Whaley's liberty interests were implicated in this case. The Fourth Circuit held in Dilworth v. Adams that "Sandin's 'atypical and significant hardship' standard does not govern the procedural due process claims of pretrial detainees." 841 F.3d 246, 252 (4th Cir. 2016); see also Christian v. Magill, 724 F. App'x 185, 188 (4th Cir. Feb. 8, 2018) (unpublished) (finding that the district court erred "by applying the standard set forth in Sandin v. Conner to determine whether [a civilly committed individual's] liberty interests were implicated"). Rather, the Fourth Circuit held that pretrial detainees are entitled to procedural due process protections in connection with any "punishment" imposed on them pursuant to Bell v. Wolfish, 441 U.S. 520, 535-37 (1979). Dilworth, 841 F.3d at 252.

In this case, because Whaley's placement in disciplinary confinement "implicate[d] a protected liberty interest," he was entitled to due process. See id. at 253 ("[D]isciplinary segregation of a pretrial detainee, intended as a penalty for disciplinary infractions, implicates a protected liberty interest under the Fourteenth Amendment and may not be imposed without due process."). Based on the record before the court at this time, it is unclear, however, whether Whaley was, in fact, afforded adequate process. See Wolff v. McDonnell, 418 U.S. 539, 563-72 (1974) (establishing the minimum due process requirements for prison disciplinary proceedings); Williamson v. Stirling, 912 F.3d 154, 174 (4th Cir. 2018) ("[A] jail official that seeks to discipline a pretrial detainee must provide the detainee with at least the procedural protections required by the Wolff decision.").

Accordingly, after a thorough review of the magistrate judge's Report and the record in this case, the court declines to adopts Magistrate Judge Rogers' Report and Recommendation.

It is therefore

**ORDERED** that this matter is remanded to the magistrate judge for further proceedings.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
July 28, 2023