IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James C. Whaley <br> *a/k/a* James C. Whaley #357132, | ) <br> ) <br> ) | Case No. 4:23-cv-02473-JDA |
| Petitioner, | ) <br> ) | **OPINION AND ORDER** |
| v. | ) <br> ) | |
| Nick Gallam, | ) <br> ) | |
| Respondent. | ) <br> ) | |
| _____ | ) | |

This matter is before the Court on a motion for summary judgment filed by Respondent [Doc. 43; *see* Doc. 42] and three motions to strike and for sanctions filed by Petitioner [Docs. 62; 65; 67]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Thomas E. Rogers, III for pre-trial proceedings.

On March 26, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's motion for summary judgment be granted. [Doc. 56.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [Doc. 56-1.] On April 11, 2024, Petitioner filed objections to the Report, and Respondent subsequently filed a reply. [Docs. 58; 60.] On May 15, 2024, Petitioner filed a motion to strike Respondent's reply ("Petitioner's First Motion") and subsequently filed an additional attachment to the motion. [Docs. 62; 63.] Respondent filed a response opposing

Petitioner's First Motion on May 29, 2024.  [Doc. 64.]  On June 11, 2024, Petitioner filed a motion to strike Respondent's response and for sanctions ("Petitioner's Second Motion") and also filed a declaration in support of the motion.  [Docs. 65; 66.]  On June 17, 2024, Petitioner filed a motion to strike six earlier filings by Respondent ("Petitioner's Third Motion").  [Doc. 67.]  On June 25, 2024, Respondent filed a response opposing Petitioner's Second and Third Motions.  [Doc. 68.]  All four of the parties' motions are ripe for review.

## **BACKGROUND**

The Magistrate Judge provided an accurate and thorough recitation of the facts and, therefore, the Court includes only the factual information necessary to address Plaintiff's objections.

Petitioner is currently confined at the Aiken County Detention Center ("ACDC") pursuant to an order by the Honorable Courtney Clyburn-Pope, pending resolution of Petitioner's evaluation and determinations under the Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 et seq.  [Doc. 42-1.]  On August 23, 2023, Petitioner filed an Amended Petition pursuant to 28 U.S.C. § 2241, challenging disciplinary treatment consisting of two 30-day terms of "[d]isciplinary [d]etention," which Petitioner asserts affected his ability to purchase medicines such as hydrocortisone and items such as food, candy, or coffee from the commissary.[1]  [Doc. 22 at 2–5.]  His Amended Petition also challenges his loss of two days of out-of-cell recreation in late July 2023.  [*Id.* at 6.]  Petitioner alleges that he was not given advanced written notice of the charges against

---

[1] Petitioner alleges that he has severe eczema and that in a separate action he has alleged that he has received inadequate medical treatment.  [Doc. 22 at 3, 4.]

2

him and was not provided with an adequate explanation of the evidence against him. [*Id.* at 2–3, 6.] He alleges that these deprivations violated his rights to due process and equal protection, and seeks declaratory relief, expungement of records, and attorneys' fees and costs. [*Id.* at 2–7.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## DISCUSSION[2]

In his motion for summary judgment, Respondent argues that Petitioner's claims concerning disciplinary rulings of the detention center and the resulting conditions of

---

[2] Each of Petitioner's three motions—motions to strike and for sanctions—is based on the premise that Rule 5(d)(1)(A) of the Federal Rules of Civil Procedure requires service of a pleading prior to its filing, which Petitioner claims Respondent filed to accomplish. [Docs. 62; 65; 67.] However, Rule 5(d)(1)(A) does not prohibit filing prior to service, but rather, requires that filing must occur "*no later than* a reasonable time after service." Fed. R. Civ.

3

confinement fail to assert cognizable grounds for relief under § 2241. [Doc. 42 at 11.] Respondent contends that Petitioner's action is instead akin to a 42 U.S.C. § 1983 claim, one of which Petitioner has already separately filed, and that this action should therefore be denied.[3] [*Id*.] Respondent asserts that Petitioner's claims of due process violations concerning disciplinary proceedings represent a challenge to an application of internal detention center rules that has not impacted the existence or duration of Petitioner's confinement, as required in a federal habeas action based on lack of due process. [*Id*. at 12.] Respondent contends that Petitioner's claims do not suggest that he has suffered any consequence as it relates to his liberty interests and that his current confinement is due to his sexually violent predator evaluation, not his completed sentence. [*Id*.] Thus, Respondent argues that federal habeas due process does not attach in this matter in the absence of an impact upon good time credits or the duration of incarceration. [*Id*.]

The Magistrate Judge recommends that Respondent's motion for summary judgment be granted because Petitioner's claims are not cognizable under § 2241 given that the core of a habeas action is a petition to shorten the length of confinement, but Petitioner's claims do not affect the fact or duration of his confinement. [Doc. 56 at 11–14.] The Magistrate Judge notes that "[a] § 1983 action would be the proper vehicle to

---

P. 5(d)(1)(A) (emphasis added); *see id*. advisory committee's note to 2018 amendment ("Rule 5(d)(1) has [previously] provided that any paper after the complaint that is required to be served 'must be filed within a reasonable time after service.' Because 'within' might be read as barring filing before the paper is served, 'no later than' is substituted to ensure that it is proper to file a paper before it is served."). Accordingly, Petitioner's three motions are denied.

[3] As previously noted, Petitioner has a § 1983 action pending in this Court that includes claims challenging his conditions of confinement. *See James C. Whaley v. Jail Staff*, No. 4:22-cv-04469-JFA.

4

bring these issues to determine if [Petitioner] was provided with the minimum due process requirements for prison disciplinary proceedings." [*Id.* at 13.]

In his objections, Petitioner asks the Court to reject the Report because the Magistrate Judge treated him like a prisoner in his analysis, when he is actually a civil detainee in a county jail. [Doc. 58 at 1.] Petitioner also contends that it was error for the Magistrate Judge not to consider or address his sur-replies and supplements that he filed after Respondent filed his reply or to allow the Amended Petition "to be used as proper opposition to summary judgment." [*Id*. at 2.] Petitioner further maintains the Magistrate Judge erred in determining that his claims were not cognizable under § 2241 because "[d]isciplinary [d]etention is a type of confinement." [*Id*. at 2–3] To the extent the Magistrate Judge's analysis depended on his failure to request speedier or immediate release, he emphasizes that his Amended Petition included a request for "any other relief to which [he is] entitled." [*Id.* at 3.] Finally, he maintains that the Magistrate Judge erred in describing the Petition as asserting two claims when, in fact, it includes four claims. [*Id.* at 3–4.]

Upon review, the Court finds Petitioner's objections unavailing. A § 2241 petition is appropriate to "challenge the very fact or duration of [the petitioner's] physical [confinement]." *Rodriguez v. Ratledge*, 715 F. App'x 261, 265 (4th Cir. 2017) (internal quotation marks omitted). Here, however, Petitioner does not seek immediate or earlier release, nor are his claims of a nature that he would be entitled to immediate or earlier release, but instead he challenges his conditions of confinement. Thus, the Magistrate Judge correctly determined that Petitioner's claims do not challenge the fact or duration of his confinement and that the proper vehicle for Petitioner's claims is a § 1983 action,

not one in habeas.[4] *See Wilkinson v. Dotson*, 544 U.S. 74, 78–79 (2005) (distinguishing between a 42 U.S.C. § 1983 action and a habeas action where the petitioner "challenges the fact or duration of his confinement and seeks either immediate release from [confinement], or the shortening of his term of confinement" (internal citation and quotation marks omitted); *Lee v. Winston*, 717 F.2d 888, 892 (4th Cir. 1983) (recognizing the difference between a habeas action, where the goal is to secure release from custody, and a § 1983 action, which provides equitable and legal remedies for citizens who have been deprived of a constitutional right by a person acting under color of state law); *see also Cooker v. Stewart*, No. ELH-14-1972, 2015 WL 1210209, at *3 (D. Md. Mar. 13, 2015) ("[T]he Fourth Circuit has said where a prisoner does not assert entitlement to release, the claim is properly treated as a suit under 42 U.S.C. § 1983.").[5]

---

[4] Given that Petitioner's claims are not of the nature that would entitle him to speedier release, the number of his claims and the fact that Petitioner generally demands any relief to which he is entitled are also beside the point. Accordingly, Petitioner's objections regarding these issues are overruled.

[5] The Supreme Court has noted that "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see Ziglar v. Abbasi*, 582 U.S. 120, 144–45 (2017) ("[W]e have left open the question whether [detainees] might be able to challenge their confinement conditions via a petition for writ of habeas corpus."). However, as the Fourth Circuit noted recently in *Timms v. United States Attorney General*, 93 F.4th 187, 191 n.8 (4th Cir. 2024), *petition for cert. filed*, No. 24-5090 (U.S. July 16, 2024), the Fourth Circuit Court of Appeals has held in several unpublished opinions that claims challenging conditions of confinement are not cognizable in habeas. *See Wilborn v. Mansukhani*, 795 F. App'x 157, 164 (4th Cir. 2019) (per curiam) (concluding that inmate's claim to have the Federal Bureau of Prisons reconsider where he was housed was not one that would fall within the scope of habeas); *see also Rodriguez*, 715 F. App'x at 266 (holding that an inmate's challenge to his transfer to a maximum-security facility was "not a cognizable § 2241 claim, because th[e] petition challenge[d] the conditions of his confinement, not its fact or duration").

The Court overrules Petitioner's objection arguing that the Magistrate Judge cited case law that referenced a "prisoner" rather than a "civil detainee," because it is not Petitioner's status but the nature of habeas itself that renders his claims not cognizable. *See, e.g.*, *Marsh v. United States*, No. TDC-14-3559, 2016 WL 247563, at *3 (D. Md. Jan. 20, 2016) (holding that civil detainee's claims were not cognizable under § 2241 when they did not challenge the fact or length of his confinement); *Williams v. Allenby*, No. 15-cv-01246-JD, 2015 WL 4572864, at *1 (N.D. Cal. July 29, 2015) ("Although plaintiff is a civilly committed patient, rather than a criminally convicted prisoner, the habeas versus § 1983 proper remedy distinction [still] applies."). For similar reasons, the number of separate claims in the Amended Petition is of no moment,[6] as is the fact that the Amended Petition includes a request for "[a]ny such further relief to which Petitioner is entitled" [Doc. 22 at 7]. Thus, Petitioner's objections on these points are overruled. Finally, Petitioner's

---

The Court also notes that the Fourth Circuit has held that "there is federal habeas corpus jurisdiction over the complaint of a federal prisoner who is challenging not the validity of his original conviction, but the imposition of segregated confinement without elementary procedural due process and without just cause." *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975) (per curiam). However, cases holding that such claims are cognizable under § 2241 "have focused on an individual inmate's placement in segregation with the requested relief being release from segregation." *Ware v. Anderson*, No. 1:23-00470, 2023 WL 4855308, at *2 n.1 (D. Md. Jan. 9, 2024). Even assuming that the two 30-day segregation periods that Petitioner was subjected to otherwise fit into the *McNair* exception, the fact that Petitioner is no longer in segregation prevents his claims based on those punishments from being cognizable under § 2241. Importantly, Petitioner also has not alleged any collateral consequences from the adjudicated misconducts that could extend his time of civil confinement. *Cf. Varela v. Whalen*, 946 F.2d 888, 1991 WL 213515 (4th Cir. Oct. 23, 1991) (holding that prisoner's claims that he was subjected to segregated confinement in violation of his due process rights were cognizable through § 2241 because, although he was "no longer in segregated confinenement, so that release from segregation [was] no longer an appropriate remedy, he d[id] allege that [his] convictions [we]re adversely affecting his release on parole").

[6] The Court notes that the Magistrate Judge accurately recited all of the grounds alleged in the Amended Petition. [Doc. 56 at 4–9.]

objection that his Amended Petition, sur-replies, and supplements were not considered by the Magistrate Judge is, likewise, overruled as the Magistrate Judge cited to the Amended Petition and the undersigned has reviewed all of Petitioner's filings and concludes they do not affect the outcome of the Magistrate Judge's Report.

In sum, for the reasons discussed, the Court overrules Petitioner's objections, accepts the Magistrate Judge's Report, and grants summary judgment to Respondent.[7]

## CONCLUSION

For the reasons discussed, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Thus, Respondent's motion for summary judgment [Doc. 43] is GRANTED and the action is DISMISSED.[8] Additionally, Petitioner's motions to strike and for sanctions [Docs. 62; 65; 67] are DENIED.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

August 7, 2024
Florence, South Carolina

---

[7] Although the Court possesses discretion to convert Petitioner's § 2241 Petition into a § 1983 action, the Court declines to do so because a § 2241 action is brought solely against the warden and there likely would need to be additional defendants in a § 1983 action. *See Hunt v. Johns*, No. 5:10-HC-2176-FL, 2011 WL 3664553, at *2 (E.D.N.C. Aug. 18, 2011).

[8] Dismissal is with prejudice to Petitioner's right to litigate his claims in a § 2241 action but without prejudice to Petitioner's right to litigate his claims in the context of a § 1983 action. *See Roudabush v. Mosley*, No. 8:18-1984-BHH-JDA, 2018 WL 6031316, at *3 (D.S.C. Aug. 21, 2018), *Report and Recommendation adopted by* 2018 WL 6018630 (D.S.C. Nov. 16, 2018), *appeal dismissed*, 2019 WL 3215894 (4th Cir. Mar. 25, 2019).

**CERTIFICATE OF APPEALABILITY**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases; see Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right" with respect to his claim that his due process rights were violated.